[Civ. No. 9132. Second Appellate District, Division One.—June 19, 1933.]

MRS. GRACE VIOLET GREENWELL et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, SANTA BARBARA YACHT CLUB et al., Respondents.

Robertson & Crawford and Robertson, Crawford & Nichols for Petitioners.

Arthur I. Townsend for Respondent Commission.

THE COURT.—Complainants are the widow and minor child of Arthur C. Greenwell, who on April 21, 1931, received a compensable injury while working for the Santa Barbara Yacht Club. His death occurred on September 27, 1931. The award by the commission allowed compensation for two and two-sevenths weeks for temporary total disability caused by the injury. But the commission decided that the evidence does not establish that the death of the employee was proximately caused by the injury. For this reason compensation by way of death benefit was denied.

On application made by the insurance carrier the commission, on September 28, 1931, made its order for an autopsy to be performed upon the body of the deceased. This order was served on the widow, Mrs. Greenwell, who refused to permit the autopsy to be made. In the reply filed by the attorneys for petitioners to the answer filed by the commission in this proceeding, they state that it is their conclusion from the evidence of certain witnesses that an autopsy was not refused. But they do not state the evidence of those witnesses on this question, although it appears from other portions of the reply that they had before them the transcript of the testimony taken before the commission. This being an evidentiary matter, it was not necessary for the commission to make a specific finding on this point. The implied finding would be that the autopsy was refused. In that event it became ·"a disputable presumption that the injury or death was not due to causes entitling the claimants to benefits under this act". (Workmen's Compensation Act of 1917, sec. 19 [e].)

 In our opinion sufficient evidence has been produced by respondents to justify the commission in deciding that

the presumption above mentioned was not overcome by the other evidence in the case. That the commission did so decide is necessarily implied in its finding that the evidence does not establish that the death of the employee was proximately caused by the injury.

The petition for writ of review is denied.

Mr. Justice York dissents.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 17, 1933, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1933.